W. H. CHILDRESS *v.* N. M. HARRISON *et al.*

1. SALE. *Chancery.* *Report by Clerk and Master. How far presumed regular.* Where a Clerk and Master sells land and makes his report, that he has made the sale in pursuance of the order, given notice as required by law, etc., he is presumed to have performed his duty properly, until the contrary is made to appear by proof.
2. SAME. *Exceptions to.* In such case the report will be confirmed by the Court, unless the exceptions to the same be sustained by proof.
3. SAME. *Same. Burden of proof.* The burden of proof is upon the party making exception, to show the irregularity of the Clerk's report.

    Cases cited: 6 Hum., 232, 259, 261; 7 Yerg., 428; Jones *v.* Planters' Bank, 3 Hum., 76; 1 Yerg., 476.

FROM LAWRENCE.

Appeal from the Chancery Court. R. H. ROSE, Chancellor.

W. H. Childress *v.* N. M. Harrison *et al.*

JOHN REID and MATTHEWS & DEAVENPORT for Childress.

C. B. DAVIS and G. T. HUGHES for Harrison.

FREEMAN, J., delivered the opinion of the Court.

The simple question in this case is, whether, when a sale is ordered to be made by a Court of Chancery, by the Clerk of that Court, and the Clerk reports that he has made the sale in pursuance of the order, given notice as required by law, the Court ought to have refused to confirm the sale, or erred in confirming the sale upon a mere exception filed by the owner of the land to the report, stating that the Clerk had failed to give the notices of the sale in the number of times and places required by law.

We assume, as a principal of universal application, to which we know no established exception, that the law presumes that all officers charged with the performance of a duty have performed it, until the contrary is made to appear by proof. Here the officer of the Court reports officially that he has done so, in addition to the presumption of law in favor of regularity of his action, and the Court acts on that and it is claimed he has erred in so doing. While not from any evidence showing the officer had not done so, which would be necessary, even to overturn the legal presumption in favor of regularity of his action, but upon a mere statement in the form of an exception taken to the report. This can amount to nothing more than a pleading, stating a ground, if

proven, why the report should not be confirmed, but of itself is not evidence, nor does it purport to be such. Can we hold the Court in error for not overturning the presumption of law, and official statement of its officer, without *any* evidence on which it could be affirmed. This would be to reverse the rule, and hold in effect that the presumption weighed as nothing, and that the report of officers weighed nothing, but that an exception filed was of more weight than both, and needed no proof to sustain it. In other words, that it of itself is an affirmative fact, self-sustaining, upon which a Court should decree, that its statements were correct and made out. We cannot assent to this proposition.

It is insisted, however, that when the exception is filed that to require the party to prove it is to require proof of a negative. Even if this is so, it would be no more than is required in other cases where a party alleges that an officer has failed to perform his duty. In a case of a motion against a sheriff for non-return of an execution, proof must always be introduced to show the non-return. 6 Hum., 232. But in fact, it is but to require him who seeks to contradict a case *prima facie* made out, to overturn that case by proof. That the report of the Clerk is *prima facie* correct and sufficient basis for confirmation of sale, nothing more · appearing, no one would doubt, we take it, as evidenced by ' the fact that the Court can, nothing more appearing, and does, as a matter of course, confirm. Then the

W. H. Childress *v.* N. M. Harrison *et al.*

simple question is, does a mere exception filed, no proof to sustain it whatever, overturn the *prima facie* case? We can see no principle on which this can be sustained. As furnishing an analogy to guide us in this case, the recitals of a sheriff's deed that he has given notice to the party in possession, or such recital in his return, are *prima facie* evidence that the fact was so, and the onus is on the party denying ,it, to show to the contrary. 7 Yerg., 428; 6 Hum., 259, 261, and other cases. In such case the party denying notice is compelled, as against the recital, to prove a negative, yet the rule of law is well settled, and has never been shaken by any decision of this Court. In this case the party, by his exception, simply denies that notice was given by the Clerk—a fact as susceptible of proof by him, as the contrary by the purchaser. As the Clerk would be the witness, probably, as to how the fact was ·any way, and we are asked to hold that this denial is equivalent to proof, contrary to the long established principle above cited. We may add, the testimony of the Clerk is as accessible to one as to the other· party, and all the facts may be shown as well by the party excepting as by the purchaser.

But a fundamental error, as we think, that underlies the argument against the action of the Court in this case, is in treating this as merely an exception filed to a Master's report, and the contest, as between the Master and the original owner of the land. It really is a case where, in effect, it is sought to open

the biddings and have a re-sale of the land, and the contest is between the purchaser at Master's sale, and the party whose land has been sold. The purchaser presents, as evidence of his right to confirmation, the report made by the Master that he was the purchaser. The other party comes and excepts, and says the Master did not advertise. To which the purchaser presents the report of the officer of the Court, and says, here is the evidence of my purchase. If there is any thing that vitiates this, show it to the Court and defeat my claim; otherwise I am, as purchaser, entitled to confirmation. In this view of the case, the Clerk and Master has nothing more to do with the matter of sustaining his report than he has in all other cases when exceptions are filed to his report. It is the parties interested—to-wit, the original owner and purchaser at the sale. In addition, we deem it proper to say that we have seen no case, nor do we think one can be found, where biddings were opened or a re-sale ordered, in a case like the present, on mere exceptions filed to the Clerk's report. The proper practice certainly is, to file a petition on which proof can be taken, sustaining the grounds alleged in petition for setting aside the sale, but treating this informal proceeding as equivalent to a petition, the same rule would apply that the application must be sustained by proof of the grounds on which the sale is to be set aside and a re-sale ordered. It may be proper to say that the purchaser has nothing to do with the action of the Clerk in adver-

tising the land, as his rights only intervene, after that is all done.    But in addition to this, it has long been settled that the provisions of the Code requiring the land to be advertised for thirty days, are merely directory, and a failure to advertise or give the public notice as required by law, will not avoid the sale.    *Jones* v. *Planters' Bank,* 3 Hum., 76; 1 Yerg., 476.

Taking these decisions, how could the fact of itself, presented in the exceptions in this case, be sufficient to authorize the sale to be set aside?    We confess we are unable to see.    We concede, that if the facts had been presented in the form of a petition, and sustained by proof, that the land sold for an inadequate price, and the land had been shown not to have been advertised as required, to give publicity to the sale, that the Chancellor would have been justified in opening the biddings and ordering a re-sale, but in all cases we have held that there should be an advance bid secured, so as to insure a sale certainly at a better price than the land had brought at former sale.    This rule is necessary to prevent parties from tampering with such sales, and getting them set aside and re-sales ordered, merely for delay, for purpose of speculation.    In the meantime, the creditor for whose benefit the land is ordered to be sold, is kept out of his money in order that a delinquent debtor may take the chances of a rise in the land, or a chance for a fortunate speculation.

With these views we cannot look at the hardship

of the case, if such there be in it, nor to the fact that one party loses land and the other gets it. All we can see is that no legal ground is presented before us that shows the Chancellor erred. Unless such error is found, the decree must be entered here affirming the sale.

DISSENTING OPINION OF JUDGES TURNEY AND SNEED.

The office of Clerk and Master of the Chancery Court is ministerial and not judicial. The Master can only carry out, and not pronounce decrees. If by decree he is ordered to do a thing, as for instance to sell land after advertising as required by law, he must pursue the directions, and when he reports that he has done, so without a statement of the manner in which he did it, he states a legal conclusion, and if his report shall be excepted to because he did not legally advertise, then it is the duty of the Court to require him to produce the advertisement or account for their absence, and show *aliunde* the facts of the advertisement, that the Court may be enabled to determine from the facts whether the advertisement was regular and according to law.

The report is merely an affirmative statement that the Master has performed certain acts to which parties in interest may tender an issue by exceptions, putting upon party claiming under the report, or insisting upon its correctness, the onus of proving the affirmative to the legal satisfaction of the Court. If the

hold that the excepting party must make good his negative, we may impose upon him an impossibility, as he might examine all the competent witnesses in a community, and be able to show only that they did not know of the advertisement. On the other hand, if the Master must prove his affirmance, he must only produce papers, the possession of which he is supposed to have.

The example of a motion against a sheriff for a failure to return an execution, in which the burden of proof is upon the party making the motion, is, it occurs to me, not applicable, as in such case the motion involves the affirmation that the execution had been ˄issued and come to the hands of the sheriff, and was by him retained, all of which are matters of record in the Court from which the execution should issue, or rather are matters of which to keep a docket it is made the duty of the Clerk of the Court. This docket contains the evidences of the official conduct of the sheriff, and is in the custody of an officer different from the sheriff, appointed by law for the purpose.

The charge of a failure to return is a charge of having received and of still retaining beyond the time prescribed, a distinct affirmation in every particular. The Clerk, and not the sheriff, is the custodian of the execution after its return, ·if the time for the return has elapsed, and it is not with the Clerk or has not been returned to him, this is affirmative proof that the sheriff wrongfully retains or

fails to return. The mere description of an action by negative words does not necessarily make the proof supporting it negative.